IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WHITNEY BELL**                                                                                    **PETITIONER**

**V.**                                                       **CIVIL ACTION NO. 3:17CV174-DCB-LRA**

**TODD CAMPBELL**                                                                              **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pre-trial detainee Whitney Bell filed the instant petition for writ of habeas corpus relief on March 15, 2017. Respondent moves to dismiss the petition for failure to state a claim upon which relief may be granted. Upon review of the pleadings and applicable case law, the Court finds the petition should be dismissed.

In 2013, Bell pled guilty to a drive-by shooting in the Circuit Court of Lauderdale County, Mississippi. He was sentenced to serve five years in the custody of Mississippi Department of Corrections ("MDOC") "with ONE (1) day to serve initially and FOUR (4) years, 364 days suspended and FIVE (5) years reporting post release supervision." On or around February 10, 2017, Bell was arrested in Clarke County, Mississippi for being a convicted felon in possession of a weapon. A preliminary hearing was waived, and his bond was set at $5,000. On March 1, 2017, the Lauderdale Circuit Court revoked his probation and he was ordered to serve the remaining 4 years and 364 days of his sentence in the custody of MDOC. Respondent reports that Bell's felon-in-possession

charge is scheduled to be presented to a Clarke County grand jury in September 2017. His petition is therefore properly considered under 28 U.S.C. § 2241.[1]

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. To the contrary, a pre-trial detainee is not permitted to derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490). The Fifth Circuit has held that this distinction rests upon the type of relief requested by the petitioner: If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings. *Id.* at 1282. If he is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial. *Id.* "While the former objective is normally not attainable through federal

---

[1] ECF No. 11-1 — 11-2 (emphasis omitted).

2

habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id*. at 1283.

In the instant petition, Bell challenges his arrest for being a felon-in-possession that resulted in the revocation of his post-release supervision. As relief, he requests, *inter alia*, that the Clarke County arrest be removed from his record and his probation be restored. Because there can be no dispute that he seeks to prevent the State from following through with its prosecution on the pending charges, he fails to state a claim upon which 28 U.S.C. § 2241 relief may be granted.[2]

For these reasons, the undersigned recommends that Respondent's motion to dismiss be granted, and the petition be dismissed for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

---

[2] To the extent he asserts that his right to a speedy trial is being violated and he should be brought to trial, he must still overcome the hurdles of exhaustion. *Brown*, 530 F.2d at 1283.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on September 6, 2017.

                                                s/ Linda R. Anderson  
                                      UNITED STATES MAGISTRATE JUDGE