IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WHITNEY BELL                                                PETITIONER

VS.                         CIVIL ACTION NO. 3:17-cv-174(DCB)(LRA)

TODD CAMPBELL                                               RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Motion to Dismiss **(docket entry 11)** filed by respondent Todd Campbell, and on the Report and Recommendation **(docket entry 18)** of Magistrate Judge Linda R. Anderson, based on petitioner Whitney Bell ("Bell")'s petition for writ of habeas corpus. Magistrate Judge Anderson recommends that the respondent's motion to dismiss be granted and that this action be dismissed with prejudice.

In 2013, Bell pled guilty to a drive-by shooting in the Circuit Court of Lauderdale County, Mississippi. He was sentenced to serve five years in the custody of the Mississippi Department of Corrections ("MDOC") "with ONE (1) day to serve initially and FOUR (4) years, 364 days suspended and FIVE (5) years reporting post release supervision." (Docket entry 11, Exhibits 1 and 2).

On or around February 10, 2017, Bell was arrested in Clarke County, Mississippi, for being a convicted felon in possession of a weapon. A preliminary hearing was waived, and his bond was set at $5,000. On March 1, 2017, the Lauderdale County Circuit Court revoked his probation and he was ordered to serve the remaining 4

years and 364 days of his sentence in the custody of MDOC. MDOC records reflect that Bell is currently in the custody of MDOC and is housed at the Mississippi State Penitentiary serving that revocation.

In the instant case, Bell seeks federal habeas relief pursuant to 28 U.S.C. § 2241 on the charges of being a convicted felon in possession of a weapon. However, that relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-89 (1973). Courts have recognized "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976).

The Fifth Circuit has held that this distinction rests upon the type of relief requested by the petitioner: If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings. Id. at 1282. If he is attempting to force the state to go to trial, then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial. Id. "While the

former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." Id. at 1283.

Generally, a pretrial detainee who files a habeas petition in "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking an objective that is "normally not attainable through federal habeas corpus." In the instant case, Petitioner does not seek to enforce a speedy trial right. Rather, he simply challenges the merits of his pending charge, the circumstances surrounding his arrest, and "the illegal detainment due to his new charge" in Clarke County, Mississippi.

The Respondent submits that Bell is attempting to have this Court dismiss the charge pending against him in Clarke County. Petitioner clearly seeks to "abort" or "disrupt" the normal and "orderly functioning of state judicial processes," and no federal intervention is warranted. See Brown, 530 F.2d at 1282-83; see also Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir. 1987)("[F]ederal courts should abstain from the exercise of ... jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner."). The Respondent further submits that the instant petition should be dismissed with prejudice for failure to state a claim upon which habeas relief may be granted.

In her Report and Recommendation, Magistrate Judge Anderson finds that in the instant petition Bell challenges his arrest for being a felon-in-possession that resulted in the revocation of his post-release supervision. As relief, he requests, inter alia, that the Clarke County arrest be removed from his record and his probation be restored. Because there can be no dispute that he seeks to prevent the State from following through with its prosecution on the pending charges, he fails to state a claim upon which 28 U.S.C. § 2241 relief may be granted.

Accordingly,

THE COURT HEREBY ADOPTS the Report and Recommendation of Magistrate Judge Anderson **(docket entry 18)** as the findings and conclusions of this Court;

FURTHER ORDERED that the Motion to Dismiss **(docket entry 11)** filed by respondent Todd Campbell is GRANTED;

FURTHER ORDERED that a Final Judgment of Dismissal with Prejudice shall follow of even date herewith.

SO ORDERED, this the 21st day of February, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE